# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| DE'ANGELO MANUEL, #266919, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  CIVIL ACTION NO. 2:19-CV-105-MHT |
| KAY IVEY, et at., | )<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO STAY DISCOVERY

COME NOW Alabama Governor Kay Ivey ("Ivey") and former member of the Alabama Board of Pardons and Paroles ("Board") Lynn Head ("Head"), Defendants in this case, and file this Motion to Stay Discovery. In support of this motion, Defendants present the following:

1. Defendants regret the necessity of filing this instant motion. However, <u>it is necessary in order for these Defendants to have the benefits of their asserted immunities</u>. As will be shown, ***before discovery is permitted***, this Court should resolve (1) whether Defendants are entitled to immunities and (2) whether the challenges to the legal sufficiency of Manuel's claim bar further litigation. As such, Defendants request that this Court stay its previous two orders granting discovery. *See* Doc. 73; *see also* Doc. 76.

2. Regarding discovery requests, the Eleventh Circuit has held that "[f]acial challenges to the legal sufficiency of a claim or defense . . . ***should, however, be resolved before discovery begins***." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (emphasis added) (original footnote omitted). Additionally, "[f]ailure to consider and rule on significant pretrial motions ***before issuing dispositive orders can be an abuse of discretion***." *Id.* (emphasis added).

3. Furthermore, the Eleventh Circuit and this Court have acknowledged that discovery is prohibited until the trial court determines if immunity bars litigation. *See Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996); *see also Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017); *see also Cook v. Taylor*, No. 2:18-CV-977-WKW, 2019 WL 1233853, at *1 (M.D. Ala. Mar. 15, 2019) (adopting *Howe*).

4. In this case, Defendants previously asserted several immunities and raised several defenses presenting facial challenges to the legal sufficiency of Manuel's claims. *See* Doc. 19; *see also* Doc. 64. Specifically, Defendants raised the following challenges:

   a. Defendants have asserted that they are entitled to **Sovereign Immunity**. *See* Doc. 19 at 7–8; *see also* Doc. 64 at 4–6.

   b. Defendants have asserted that Manuel **lacks standing** to sue Defendants. *See* Doc. 19 at 8–10; *see also* Doc. 64 at 5.

   c. Defendant Head has asserted that she is entitled to **Absolute Quasi-Judicial Immunity**. *See* Doc. 19 at 10; *see also* Doc. 64 at 6.

   d. Defendants have asserted that they are entitled to **Qualified Immunity**. *See* Doc. 19 at 11; *see also* Doc. 64 at 7.

   e. Defendants have asserted that Manuel's claims are **not cognizable under 42 U.S.C. § 1983**. *See* Doc. 19 at 22 n.15; *see also* Doc. 64 at 8.

5. Given the nature of the immunities asserted by Defendants and given Defendants' challenges to the legal sufficiency of Manuel's claims, Defendants will be extremely prejudiced by a denial of this motion. As the Eleventh Circuit has stated, requiring discovery before a court determines whether immunities bar discovery constitutes an effective denial of immunity. *See Howe*, 861 F.3d at 1302 ("by requiring the defendants to further defend from liability while the

immunity issue remained pending, the district court had effectively denied immunity[.]"). If, for example, this Court were to deny this motion and force Defendants to respond to discovery and later rule that immunity bars litigation, Defendants will have incurred additional litigation expenses that the Eleventh Circuit held they should not bear. On the other hand, if this motion is granted and this Court later denies Defendants' Motion to Dismiss, Manuel will have incurred no additional expenses or prejudice, as Manuel will still have discovery available and will receive responses to the requests served.

6. Additionally, Defendants submit to this Court a brief in support of this motion and in support of Defendants' Motion for Leave of Court to File Motion to Dismiss.

## CONCLUSION

7. Based on the foregoing, Defendants request that this Court grant their Motion to Stay Discovery and issue an such an order staying discovery, *see* Doc. 73 and Doc. 76, until this Court determines whether the immunities and challenges raised by Defendants' bar further litigation.

Respectfully submitted this the 27th day of May 2021.

/s/ Greg Locklier
**GREG LOCKLIER**
*Assistant Attorney General*
Alabama Bureau of Pardons & Paroles
100 Capitol Commerce Blvd, Suite 310
Montgomery, AL 36117
(334) 242-0494 (phone)
(334) 315-4793 (facsimile)
greg.locklier@paroles.alabama.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record, or if applicable, I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**De'Angelo Manuel, AIS #266919**
**Fountain Correctional Facility**
**Fountain 3800**
**Atmore, AL 36503-3800**

Done this the 27th day of May 2021.

s/ Greg Locklier
**GREG LOCKLIER**
*Assistant Attorney General*
Alabama Bureau of Pardons & Paroles
100 Capitol Commerce Blvd, Suite 310
Montgomery, AL 36117
(334) 242-0494 (phone)
(334) 315-4793 (facsimile)
greg.locklier@paroles.alabama.gov