# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| DE'ANGELO MANUEL, #266919, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  CIVIL ACTION NO. 2:19-CV-105-MHT |
| KAY IVEY, et at., | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR LEAVE OF COURT TO FILE MOTION TO DISMISS

COME NOW Alabama Governor Kay Ivey ("Ivey") and former member of the Alabama Board of Pardons and Paroles ("Board") Lynn Head ("Head"), Defendants in this case, and file this Motion to Stay Discovery. In support of this motion, Defendants present the following:

1. Defendants regret the necessity of filing this instant motion. However, <u>it is necessary in order for these Defendants to have the benefits of their asserted immunities</u>. Further, Manuel's petition is due to be dismissed because his petition is legally insufficient and because Defendants are entitled to several immunities barring litigation.

2. Regarding discovery requests, the Eleventh Circuit has held that "[f]acial challenges to the legal sufficiency of a claim or defense . . . ***should, however, be resolved before discovery begins***." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (emphasis added) (original footnote omitted). Additionally, "[f]ailure to consider and rule on significant pretrial motions ***before issuing dispositive orders can be an abuse of discretion***." *Id.* (emphasis added).

3. In this case, Defendants previously asserted several immunities and raised several defenses presenting facial challenges to the legal sufficiency of Manuel's claims. *See* Doc. 19; *see also* Doc. 64. Specifically, Defendants raised the following challenges:

   a. Defendants have asserted that they are entitled to **Sovereign Immunity**. *See* Doc. 19 at 7–8; *see also* Doc. 64 at 4–6.

   b. Defendants have asserted that Manuel **lacks standing** to sue Defendants. *See* Doc. 19 at 8–10; *see also* Doc. 64 at 5.

   c. Defendant Head has asserted that she is entitled to **Absolute Quasi-Judicial Immunity**. *See* Doc. 19 at 10; *see also* Doc. 64 at 6.

   d. Defendants have asserted that they are entitled to **Qualified Immunity**. *See* Doc. 19 at 11; *see also* Doc. 64 at 7.

   e. Defendants have asserted that Manuel's claims are **not cognizable under 42 U.S.C. § 1983**. *See* Doc. 19 at 22 n.15; *see also* Doc. 64 at 8.

4. As will be shown, Defendants are entitled to the above immunities barring further litigation, and Manuel fails to allege legally sufficient claims.

5. Furthermore, Defendants submit to this Court a brief in support of this motion and in support of Defendants' Motion to Stay Discovery.

**Sovereign Immunity**

6. "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "[Sovereign Immunity's] ***jurisdictional bar*** applies regardless of the nature of the relief sought." *Id.* (emphasis added). In other words, "Sovereign immunity principles enforce ***an important constitutional***

***limitation*** on the power of the federal courts." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (emphasis added).

7. In this case, Manuel challenges the actions of Defendants which were performed within the scope of their official discretionary authority. As such, Defendants are entitled to Sovereign Immunity, barring any claims against Defendants in their official capacity.

## Manuel Lacks Standing

8. "[T]he core component of standing *is an essential and unchanging part of the case-or-controversy requirement of Article III*." *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) (emphasis added). Additionally, there are three minimum elements of standing that must be shown: (1) plaintiff has suffered an injury in fact from an invasion of a legally protected interest, (2) plaintiff must allege a concrete causal connection between the alleged injury and the conduct complained of, and (3) it must be likely, rather than speculative, that the injury will be redressed by a favorable decision. *Id.* at 560–61. To summarize, "the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Koziara v. City of Casselberry*, 392 F.3d 1302, 1304 (11th Cir. 2004). "If a plaintiff lacks standing . . . ***the case must be dismissed***." *Id.* (emphasis added).

9. In this case, under *Jago v. Van Curen*, 454 U.S. 14 (1981), the United States Supreme Court held that inmates, like Manuel, who have not been released on parole have no protected liberty interest. *See also Jenkins v. Pardon*, No. 2:16-CV-570-WKW, 2016 WL 4446548, at *2 (M.D. Ala. July 28, 2016) (applying the holding in *Jago* to the Board's recission of parole). Further, Manuel's conclusory allegations fail to show that Defendant Ivey's actions have injured him. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (acknowledging that a plaintiff has an obligation to allege more than just mere labels and conclusions). As such,

Manuel's petition is due to be dismissed because his failed to allege facts showing that he has standing.

### Absolute Quasi-Judicial Immunity

10. Under the governing precedent in the Eleventh Circuit, "individual members of the Parole Board are entitled to absolute quasi-judicial immunity from a suit for damages." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). Further, the Eleventh Circuit has explicitly stated that "[o]ur precedent **forecloses lawsuits** against [individual members of a Parole Board]." *Jones v. Governor State of Fla.*, No. 18-10940-C, 2019 WL 4447694, at *2 (11th Cir. May 15, 2019) (emphasis added). In fact, this Court acknowledged that Parole Board Members are absolutely immune to lawsuits involving their parole decisions. *See Jackson v. Cook*, No. 2:17-CV-414-ALB, 2020 WL 4006671, at *5 (M.D. Ala. June 4, 2020), report and recommendation adopted, No. 2:17-CV-414-RAH, 2020 WL 4004623 (M.D. Ala. July 15, 2020).

11. In this case, Manuel challenges that a parole decision made by Defendant Head while she was a member of the Board. As such, Defendant Head is entitled to Absolute Quasi-Judicial Immunity, barring any claims against her in her individual capacity.

### Qualified Immunity

12. Qualified immunity is "an *immunity from suit* rather than a mere defense to liability[.]" *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in the original). Further, qualified immunity shields government officials because "***bare allegations of malice should not suffice to subject government officials*** either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982) (emphasis added); *see also Williams v. City of Montgomery*, 839 F. App'x 356, 360 (11th Cir. 2020) (finding that government officials are entitled to qualified immunity when they act within the scope of their

discretionary authority). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal ***before the commencement of discovery***." *Mitchell*, 472 U.S. at 526 (citing *Harlow*, 457 U.S. at 818) (emphasis added).

13. In this case, Manuel challenges actions by Defendants which were made within the scope of their discretionary authority. As such, Defendants are entitled to qualified immunity, barring any claims against Defendants in their individual capacity.

### Manuel's Claims Are Not Cognizable Under 42 U.S.C. § 1983

14. "[C]ertain claims by state prisoners are not cognizable under [42 U.S.C. § 1983] and ***must be brought in habeas corpus proceedings***[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (emphasis added). Further, "a prisoner in state custody ***cannot use a § 1983 action to challenge the fact or duration of his confinement***." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (emphasis added) (original quotations omitted). In other words, "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 ***if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence***[.]" *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (emphasis added) (original quotations omitted).

15. In this case, Manuel explicitly admits that he is challenging his incarceration and that he has requested relief in the form of parole release and monetary damages stemming from his continued incarceration due to the Board's decision to rescind his parole. See Doc. 59. As such, Heck and its progeny require the dismissal of Manuel's § 1983 suit.

### CONCLUSION

16. Based on the foregoing, Defendants request that this Court grant their Motion for Leave of Court to File Motion to Dismiss and issue an such an order allowing Defendants to submit

a Motion to Dismiss on the above asserted immunities and on the challenges to the legal sufficiency of Manuel's petition.

Respectfully submitted this the 27th day of May 2021.

/s/ Greg Locklier
**GREG LOCKLIER**
*Assistant Attorney General*
Alabama Bureau of Pardons & Paroles
100 Capitol Commerce Blvd, Suite 310
Montgomery, AL 36117
(334) 242-0494 (phone)
(334) 315-4793 (facsimile)
greg.locklier@paroles.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record, or if applicable, I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**De'Angelo Manuel, AIS #266919**
**Fountain Correctional Facility**
**Fountain 3800**
**Atmore, AL 36503-3800**

Done this the 27th day of May 2021.

s/ Greg Locklier
**GREG LOCKLIER**
*Assistant Attorney General*
Alabama Bureau of Pardons & Paroles
100 Capitol Commerce Blvd, Suite 310
Montgomery, AL 36117
(334) 242-0494 (phone)
(334) 315-4793 (facsimile)
greg.locklier@paroles.alabama.gov