IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DE'ANGELO MANUEL, #266919, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:19-cv-105-MHT-JTA |
| | ) |
| KAY IVEY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION**

Before the Court is Plaintiff's Motion to Support Due Process Violation (Doc. No. 103). In support of the motion, Plaintiff states he is entitled to habeas corpus relief because the parole board violated his due process rights by rescinding a decision to grant Plaintiff parole which he claims was made by a prior hearing panel that adequately considered the gravity of his offense. (*Id.*) Plaintiff filed this 42 U.S.C. § 1983 action on February 6, 2019 (Doc. 1), however, he may not use a § 1983 action to challenge the fact or duration of his confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Consequently, to the extent the pending motion is an attempt to add a request for habeas corpus relief in this matter, it is

ORDERED that the motion (Doc. No. 103) is DENIED.

In addition, review of the docket reflects Plaintiff has filed fifteen (15) responses to Defendants' Written Reports and supplements. Accordingly, it is

ORDERED that any further response to Defendants' Written Reports and supplements must be filed **by November 10, 2021**. Any response submitted after November 10, 2021, will result in an Order that the response be returned to Plaintiff for non-compliance with this Order.[1]

DONE this 27th day of October, 2021.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is informed that the Court's May 18, 2021, Order (Doc. No. 72) directed that any further response to Defendants' Written Reports and supplements be filed by June 7, 2021. Doc. No. 72. Plaintiff has submitted seven responses beyond this deadline (Docs. No. 87, 92, 94, 96, 99, 100, 102). The docket reflects that Plaintiff also filed numerous responses to Defendants' Written Reports prior to the filing of their supplements (Docs. No. 32, 33, 38, 41, 50, 67, 68). While a *pro se* plaintiff is entitled to some liberality to assure a fair opportunity to present and defend his claims, the Court is not required to allow itself to be imposed upon by a series of opposition filings or have litigants ignore Court-ordered deadlines with impunity. *See e.g.*, *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986) (citation omitted) (observing that "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."); *Silver v. City of San Antonio*, 2020 WL 3803922, at *4 (W.D. Tex. July 7, 2020) (quotation marks and citation omitted) (explaining that "[f]ederal courts have inherent powers deemed necessary to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority."); *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. Unite A 1981) (invoking the court's general supervisory power to control its docket from further frivolous and malicious filings).